23-6666-cr
*United States v. Marino-Castro*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand twenty-five.

PRESENT:
JOSÉ A. CABRANES,
REENA RAGGI,
MARIA ARAÚJO KAHN,
  *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

  *Appellee*,

  v.                                                          No. 23-6666-cr

CRISTIAN MARINO-CASTRO,

  *Defendant-Appellant*.*

_____

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

FOR DEFENDANT-APPELLANT:                    Jamesa J. Drake, Drake Law, LLC, Auburn, ME.

FOR APPELLEE:                               William K. Stone, James Ligtenberg, Assistant United States Attorneys, *for* Jay Clayton, Interim United States Attorney for the Southern District of New York, New York, NY.

Appeal from the June 7, 2023 judgment of the United States District Court for the Southern District of New York (Lewis J. Liman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** as unripe.

Defendant-Appellant Cristian Marino-Castro ("Marino-Castro") appeals from the district court's judgment of conviction following his guilty plea to Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951, and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). Marino-Castro was sentenced principally to 252 months' imprisonment followed by three years' supervised release. He contends that the district court plainly erred by imposing a special condition of supervised release permitting Probation to search his electronic communications, data, and media.[1] We assume the parties' familiarity with the underlying facts, the procedural

---

[1] In pertinent part, the condition provides:

> [Marino-Castro] shall submit [his] person and any property, residence, vehicle, papers, computer, other electronic communications, data storage devices, cloud storage or media and effects to search by any United States probation officer and, if need[ed], with the assistance of law enforcement. The search is to be conducted when there is [] reasonable

2

history, and the issues on appeal, to which we refer only as necessary to explain our decision.

Before evaluating the propriety of the special search condition, this Court must confirm that Marino-Castro's challenge "raises issues that are ripe for our consideration." *United States v. Villafane-Lozada*, 973 F.3d 147, 150 (2d Cir. 2020). "The ripeness doctrine springs from both Article III limitations on judicial power and prudential concerns about avoiding premature judicial interference in an evolving situation." *Id.* To assess ripeness, we must "make a fact-specific determination as to whether . . . (1) the issues are fit for judicial consideration, and (2) withholding of consideration will cause substantial hardship to the parties." *United States v. Balon*, 384 F.3d 38, 46 (2d Cir. 2004) (quoting *United States v. Quinones*, 313 F.3d 49, 58 (2d Cir. 2002)).

The government asserts that Marino-Castro's challenge lacks ripeness because, *inter alia*, it is doubtful that Marino-Castro will ever be subject to the search condition given the likelihood of his deportation following his 252-month term of imprisonment. We agree.

Both prongs of the *Balon* test support the conclusion that Marino-Castro's challenge is unripe. As to prong one, upon the completion of his prison term, Marino-

---

suspicion concerning violation of a condition of supervision or unlawful conduct by [Marino-Castro]. . . . Any search shall be conducted at a reasonable time and in a reasonable manner.

App'x 88–89.

3

Castro will likely be subject to deportation, and has otherwise indicated that he plans to return to Spain following his release from custody. As to prong two, there is no basis to conclude that the parties will be prejudiced by revisiting this issue later. Moreover, if, in twenty-one years, Marino-Castro is not subject to deportation, then he can seek to modify the special search condition pursuant to 18 U.S.C. § 3583(e)(2). For these reasons, neither ripeness prong is met. Therefore, we conclude that Marino-Castro's challenge to the special electronic search condition is prudentially unripe and decline to address it.

We have considered the parties' remaining arguments and conclude that they are without merit. For the reasons set forth above, we **DISMISS** the appeal on ripeness grounds.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4